Vivian **WATFORD**
v.
Wilbur **SIMON.**
Civ. A. No. 21747.

United States District Court
E. D. Pennsylvania.
July 30, 1958.

way intersects with 66th Street, his car went out of control, ran off the highway to his right, jumped a four inch curb and was completely demolished against a tree, located about two feet east of the curb.

Plaintiff, a single woman, 22 years of age, is a citizen of Virginia, and was one of the guests in the defendant's car at the time. As a result of the collision, she alleged that she suffered painful and permanent injuries consisting of complete loss of direct vision of her left eye; injury to the bridge of her nose, resulting in a deviation of the septum; lacerations of the scalp, forehead and left leg and a scar about 1½ inches in length over her left eye and the bridge of her nose. She had hospital and medical bills of $96, and a loss of earnings of $880. The jury returned a verdict for the plaintiff in the sum of $2,500.

██ Defendant has moved for judgment notwithstanding the verdict on the ground that the jury should not have been permitted to infer that he was negligent. We permitted the case to go to the jury on the basis that the car was in the exclusive control of the defendant and the accident was such as does not normally occur. From this alone, the jury could have inferred negligence. Kotal v. Goldberg, 1953, 375 Pa. 397, 100 A.2d 630. Defendant, as the only eyewitness, all the passengers including the plaintiff being asleep, testified that he was blinded by the light of an oncoming vehicle. Defendant argues that this explanation should have been conclusive and a directed verdict should have been entered in his favor, citing First National Bank of McKeesport v. Simko, 1956, 384 Pa. 603, 122 A.2d 47. We cannot agree with defendant's interpretation of this case. We believe that the reasonableness of his testimony and his credibility were questions for the jury, and as such, if they disbelieved him, a verdict in favor of the plaintiff would have been proper.

It is our opinion that the physical facts inferred negligence because in the usual course of events, an abnormal oc-

Irwin Paul, Philadelphia, Pa., for plaintiff.

Joseph Head, Jr., Swartz, Campbell & Henry, Philadelphia, Pa., for defendant.

EGAN, District Judge.

██ Defendant is a citizen of Pennsylvania and a resident of Philadelphia. About 2:30 o'clock on the morning of April 1, 1956, he was driving his car, occupied by five guests, north on Cobbs Creek Parkway. At a point about 100 feet south of the place where the Park-

666

currence, such as this accident, does not occur. It was, therefore, up to the jury to reconcile the defendant's testimony with the physical evidence. For this reason, the motion for judgment notwithstanding the verdict is denied.

 Plaintiff moves for a new trial because of the inadequacy of the verdict. This motion will be granted.

Although there might have been some question as to the legitimacy of the loss of wages and future medical expense, in view of the seriousness of the injuries, we have decided that the verdict is inadequate, it evidently being a compromise. Plaintiff's motion for a new trial is therefore granted. The whole case will be re-tried. Schuerholz v. Roach, 4 Cir., 1932, 58 F.2d 32.