**Lorene BRINEGAR, Appellant,**

**v.**

**Janice Williams PORTERFIELD, Administratrix of the Estate of Walter C. Williams, Deceased, Appellee.**

**No. 9314.**

Court of Appeals of Texas,
Texarkana.

Jan. 7, 1986.

Donald B. Friedman, Friedman & Hooper, Texarkana, for appellant.

James Haltom, Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, for appellee.

GRANT, Justice.

Lorene Brinegar appeals from an order granting a motion for instructed verdict. She sued the estate of Walter Williams to recover damages for personal injuries she sustained in a one-vehicle accident in which she was a passenger and the decedent Williams was the driver. At the conclusion of the plaintiff's case in chief, the trial court withdrew the case from the jury and granted the defendant's motion for instructed verdict.

The incident occurred on October 30, 1982, on Highway 59, one mile south of Domino, Texas, at approximately 3:00 a.m. The couple was returning home to Atlanta after an evening of dancing at the Pines Ballroom in Texarkana, Arkansas. Brinegar was asleep when the vehicle left the road and rolled over, killing Williams and seriously injuring her. There were no known third party witnesses.

Brinegar raises two points of error: (1) that the instructed verdict was improper because she presented sufficient evidence to raise material questions of fact for the jury regarding specific acts of negligence by Williams; (2) that the granting of the defendant's motion for instructed verdict was improper, because there was sufficient circumstantial evidence to support a finding of Williams' negligence under the theory of res ipsa loquitur.

On an appeal from an instructed verdict, we view all the evidence and inferences therefrom in the light most favorable to the appellant. *Collora v. Navarro,* 574 S.W.2d 65 (Tex.1978). When reasonable minds may differ as to the truth of the controlling facts, the issue must go to the jury. *Najera v. Great Atlantic & Pacific Tea Co.,* 146 Tex. 367, 207 S.W.2d 365 (1948). We must indulge every proper inference from the evidence against the trial court's action in withdrawing the case from the jury. *Echols v. Wells,* 510 S.W.2d 916 (Tex.1974). With these guidelines in mind, we turn to the facts developed during the trial.

Department of Public Safety Officer Larry Aycock testified that his investigation revealed no skid marks, which was an indication to him that Williams had not hit his brakes. He said that there had been no rain and the pavement was dry, but there had been a heavy fog in the early morning hours. He found no evidence of any external factor or mechanical failure which might have caused the automobile to leave the roadway. According to Aycock, the automobile had travelled about 100 feet after leaving the roadway, and the only damage was caused by it striking the ground.

Brinegar testified that Williams had been awake since approximately 5:30 a.m. of the

morning before the accident (approximately twenty-two hours). She further testified that she had driven the car many times before, that it appeared to function properly, and that Williams carefully maintained all of his vehicles. She also stated that Williams was in excellent health prior to the accident, and that he was familiar with the road because he travelled that route to and from his place of employment.

Brinegar went to trial on her first amended original petition which pled res ipsa loquitur and specific allegations that Williams was negligent in failing to properly control his vehicle, in failing to timely apply his brakes, in failing to keep a proper lookout, and in driving at an excessive and dangerous rate of speed under the circumstances then and there existing.

The order granting the motion for instructed verdict entered on June 15, 1984, indicates that the motion was granted because the plaintiff failed by her testimony to show any negligence and because there was insufficient evidence of negligence.

The courts of this State have repeatedly held that it is error to instruct a verdict when the evidence raises any material issue. *Air Conditioning, Inc. v. Harrison-Wilson-Pearson*, 151 Tex. 635, 253 S.W.2d 422 (1952). If the record reflects any testimony of probative force in favor of the losing party, the granting of a motion for instructed verdict is improper. *White v. White*, 141 Tex. 328, 172 S.W.2d 295 (1943). Before the trial court is authorized to grant an instructed verdict, it must appear that there is no evidence raising a jury issue. *Ethicon, Inc. v. Parten*, 520 S.W.2d 527 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). The issue of sufficiency or weight of the evidence is not raised by an instructed verdict or a motion for judgment non obstante veredicto, but only by questions of "no evidence." *Great Atlantic & Pacific Tea Company v. Giles*, 354 S.W.2d 410 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.). A judge may refuse to submit an issue only if no evidence exists to warrant its submission. *Brown v. Goldstein*, 685 S.W.2d 640 (Tex.1985); *Garza v. Alviar*,

395 S.W.2d 821 (Tex.1965). Therefore, we must construe the court's granting of an instructed verdict in this case to be on the basis that there was no evidence to warrant submission of the issues to the jury.

An often cited legal axiom is that the mere happening of an accident is no evidence of negligence. For example, the case of *Wells v. Texas Pac. Coal & Oil Co.*, 140 Tex. 2, 164 S.W.2d 660 (1942), holds that where no evidence was presented to show that the defendant's truck crossed the center line and caused the collision, no evidence existed to establish negligence. One of the earliest Texas cases citing this principle is *Davis v. Castile*, 257 S.W. 870 (Tex.Comm'n App.1924, holding approved). This case involved a plaintiff who had received a broken leg when a stack of lumber fell while he was repairing a railroad car. There was no evidence to show that the lumber was improperly stacked or what caused the stack of lumber to topple. The plaintiff and another worker had been moving some of the lumber in the course of their work. The court in that case quoted the following language from R.C.L. vol. 4, p. 1344:

> The rule is fundamental that the mere happening of an accident affords no legal grounds for a claim for damages, unless the claim can be predicated upon that class of accidents, governed by the rule of res ipsa loquitur, which per se raises a presumption of negligence.

While the naked fact that an accident has happened may be no evidence of negligence, the character of the accident, and the circumstances of proof attending it, may be such as to lead reasonably to the belief that without negligence it would not have occurred. *Martin v. Commercial Standard Insurance Company*, 350 S.W.2d 664 (Tex.Civ.App.—Beaumont 1961), *rev'd on other grounds*, 363 S.W.2d 228 (Tex.1962).

We cannot say that negligence cannot exist without eye witnesses. Physical facts and circumstances can evince negligence. In reviewing the evidence, we must look at the totality of the known circum-

stances. We cannot speculate that some unknown intervening factors existed which were not raised by the evidence. Any evidence has probative value which contributes toward the proof of an issue. A single factor standing alone may be insufficient, but when joined by other factors constituting a significant whole, the combination can justify a conclusion.

No Texas cases have been found with analogous fact situations. Therefore, we have looked for similar cases in other jurisdictions.

In the case of *Tabler v. Perry*, 337 Mo. 154, 85 S.W.2d 471 (1935), an automobile ran into a ditch and against an embankment and turned over, killing the passenger and injuring the defendant. In that case, the court said:

> The inference of negligence is from the fact that the automobile is driven in such manner and lack of control that it leaves the proper part of the highway safe for travel and encounters or creates dangers to persons whether such persons are occupying the automobile or are near or along the highway.... The inference of the driver's negligence from his driving the car under his control off the traveled highway, thereby encountering or creating dangers, is not dependent on whether the person injured as a direct result thereof is in the automobile or in its pathway.

In this decision, the court cited with approval from *Huddy Encyclopedia of Automobile Law,* the following:

> The doctrine of res ipsa loquitur applies where an automobile runs wild, overturns, or runs off the roadway and strikes a person on the sidewalk, or collides with a tree, with a pole, or with a building.

The Supreme Court of Missouri in the case of *Lindsey v. Williams*, 260 S.W.2d 472 (Mo.1953), *cert. denied*, 347 U.S. 904, 74 S.Ct. 428, 98 L.Ed. 1063 (1954), held that the plaintiffs made a submissible case under the res ipsa loquitur doctrine when the evidence showed that the automobile owned by the defendant and operated by a third party under defendant's immediate supervision left the highway and collided with a tree.

In the case of *Harke v. Haase*, 335 Mo. 1104, 75 S.W.2d 1001 (1934), the plaintiff was a pedestrian who was injured when the defendant's automobile left the street and ran onto a sidewalk. In that case, the court said that, "Surely such an occurrence would justify an inference of negligence."

In *Greene v. Nichols*, 274 N.C. 18, 161 S.E.2d 521 (1968), the occupants of an automobile were killed when the automobile left the highway and struck a poplar tree. The court said:

> It is generally accepted that an automobile which has been traveling on the highway, following "the thread of the road," does not suddenly leave it if the driver uses proper care. Such an occurrence is an unusual event when the one in control is keeping a proper lookout and driving at a speed which is reasonable under existing highway and weather conditions. An automobile being operated with due care and circumspection "in the absence of some explainable cause, will remain up-right and on the traveled portion of the highway." The inference of driver-negligence from such a departure is not based upon mere speculation or conjecture; it is based upon collective experience which has shown it to be the "more reasonable probability." Highway defects or the negligence of another could cause a car to leave the road. The presence of either of these causes, however, would ordinarily be apparent. Mechanical defects in the vehicle or driver-illness could cause an automobile to leave the road, but these possible causes occur comparatively infrequently and their probability can ordinarily be negated. "Vast improvements have been made in automotive machinery since the days of the gasoline buggy with regard to reliability and uniformity of performance. Meantime, the factors of human conduct have remained substantially the same."

When a motor vehicle leaves the highway for no apparent cause, it is not for

the court to imagine possible explanations. Prima facie, it may accept the normal and probable one of driver-negligence and leave it to the jury to determine the true cause after considering all the evidence—that of defendant as well as plaintiff.

Defendant's intestate was in control of the vehicle which left the highway on a curve. It is unusual for an automobile to leave the highway. When it does so without apparent cause and inflicts injury or damage, an inference of the driver's actionable negligence arises, which will take the case to the jury. The inference of negligence does nor arise from the mere fact of injury; it arises from the manner in which it occurred.

"Among the various types of automobile accidents there is at least one in which the res ipsa loquitur doctrine has been applied with appreciable consistency. Where a motor vehicle leaves the roadway without a prior collision and thereby causes injury or damage, the courts, as a general rule, are prepared to draw an inference of negligence from the occurrence, assuming, of course, that all the other conditions of applicability are met."

In the case of *Sullivan .v. Crabtree*, 36 Tenn.App. 469, 258 S.W.2d 782 (1953), the court said, "Where the driver of a truck lost control of the truck on a curve, the truck turned to the left, ran off the left shoulder of highway and overturned down a steep embankment killing passenger in the truck, the facts made the case of res ipsa loquitur." The court further said, "Where a motor vehicle, without apparent cause, runs off the road and causes harm, the normal inference is that the driver thereof is negligent, and the doctrine of res ipsa loquitur will be applicable."

In the case of *Brown v. Des Moines Steam Bottling Works*, 174 Iowa 715, 156 N.W. 829 (Iowa 1916), the court held that: Proof that the driver of a motor truck allowed his machine to be diverted from the street upon the sidewalk, where it struck a pedestrian, prima facie establishes negligence under the doctrine of res ipsa loquitur, for negligence presupposes a duty, and it is the duty of one driving such a vehicle to keep it in the portion of the street reserved for vehicles.

The Supreme Court of Wisconsin held that a case in which an automobile being operated by the defendant left the roadway and hit a garage door, pushing a vehicle parked inside the garage through the opposite wall, was one which permitted an inference of negligence on the part of the defendant under the doctrine of res ipsa loquitur, absent any evidence relating to possible nonactionable causes of the accident. *American Family Mut. Ins. Co. v. Dobrzynski*, 88 Wis.2d 617, 277 N.W.2d 749 (Wis.1979).

In the case of *Reibert v. Thompson*, 302 Ky. 688, 194 S.W.2d 974 (1946), the occupants of an automobile sued the host driver for injuries sustained when the vehicle swerved and then went off the road into a ditch. The Kentucky court found that the occupants were entitled to an instructed verdict as to liability on the basis of res ipsa loquitur.

In the case of *Threadgill v. Anderson*, 303 P.2d 297 (Okla.1956), the plaintiff and defendant were enroute near Claremore, Oklahoma, when the automobile ran off the highway and down an embankment into a bar ditch, wrecking the car, killing the driver and injuring the passenger. The court said, "Under the circumstances, we do not think the burden was upon plaintiff to prove exactly what caused the accident.... She made out a prima facie case without it." The court concluded that the case was one for the application of the doctrine of res ipsa loquitur, because the accident was one which does not ordinarily occur where the driver has his or her automobile under proper control.

The Pennsylvania Supreme Court in the case of *First National Bank of McKeesport v. Simko*, 384 Pa. 603, 122 A.2d 47 (1956), held in a case in which the vehicle left the roadway and crashed into two telegraph poles at three o'clock in the morning that, "It needs no argumentation

to demonstrate that in the ordinary course of events an automobile does not depart from the highway and crash into a telegraph pole if the driver is using proper care." The court concluded that under the circumstances, even though there were no eye witnesses to the occurrence, there was sufficient evidence for the jury to make a determination on the issue of negligence.

In another Pennsylvania case, *Knox v. Simmerman,* 301 Pa. 1, 151 A. 678 (1930), in which the car left the road and struck a pile of stone, the court said:

> [T]he coupe was in the exclusive control of the defendant; and the accident was such as under normal conditions does not occur; hence, it so happening, unexplained, would justify a jury in presuming the defendant was negligent. It is not a case of res ipsa loquitur, for negligence is not presumed from the mere happening of the accident, but from the circumstances under which it occurred. It was an abnormal occurrence such as in the usual course of events does not occur. An automobile when driven along a dry level road in daylight at proper speed and under control is not accustomed to leave the pavement and dash against a stone pile at the road side. That the coupe did this very extraordinary thing is some evidence that it was not properly driven.

In the case of *Rupe v. Smith,* 181 Kan. 606, 313 P.2d 293 (1957), the defendant drove the automobile off the road into a concrete embankment causing the death of the passenger who was asleep in the front seat. The Supreme Court of Kansas made the following determination:

> When an automobile and the operation thereof are exclusively within a host's control, and it is not reasonably within the power of the injured guest to prove the cause of the accident, which is not one commonly incident to the operation of the automobile, the occurrence itself, although unexplained, is prima facie evidence of the host's negligence....

The Supreme Court of Maine, *Gendron v. Gendron,* 144 Me. 347, 69 A.2d 668

(1949), used the same language upholding a jury verdict in a case in which a passenger had been injured when the car left the highway and crashed into a telephone pole.

This sampling of cases from other jurisdictions indicates that the doctrine of res ipsa loquitur is often applied in situations involving a vehicle leaving the roadway and causing damage under circumstances that would give rise to the inference of negligence.

■ Under Texas law, res ipsa loquitur is a rule of evidence whereby negligence of the defendant may be inferred from the mere fact that the accident happened, provided, (1) the character of the accident and the circumstances attending it lead reasonably to the belief that in the absence of negligence, it would not have occurred; and (2) the thing which caused the injury is shown to have been under the management and control of the defendant. *Mobil Chemical Company v. Bell,* 517 S.W.2d 245 (Tex.1974). This doctrine was applied to a situation involving an automobile running off the road and overturning in *Bower Auto Rent Co. v. Young,* 274 S.W. 295 (Tex.Civ.App.—Dallas 1925, writ ref'd). However, this case involved a different standard of care, because the vehicle was considered a common carrier.

Texas courts have not prohibited the submission of a res ipsa loquitur issue even when evidence of specific acts of negligence has been offered and specific acts have been pled. As to the submission to the jury, the Supreme Court said in *Mobil Chemical Company v. Bell, supra:*

> If the plaintiff pleads both *res ipsa* and specific acts and produces evidence of each, the trial court should submit a single general negligence issue embracing the entire range of possible negligent acts supported by the evidence.

■ Under the fact situation of the present case, we cannot conclude that there is no evidence to raise fact questions for the jury's determination. It is for the jury, as the fact finding body, not the court, to select from among conflicting inferences

and conclusions that which it considers most reasonable.

We find that the granting of the motion for instructed verdict was error. The judgment of the trial court is reversed, and the case is remanded for a new trial.