**REVERSE and REMAND; and Opinion Filed July 31, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-12-01031-CV**
_____

**P.A.M. TRANSPORT, INC., Appellant**

**V.**

**STEVENS TRANSPORT, INC., Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-05864-E**

**MEMORANDUM OPINION**

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice O'Neill

In this vehicular accident case, appellant P.A.M. Transport appeals a summary judgment granted in favor of Stevens Transport, Inc. In three issues, P.A.M. contends the trial court erred in granting summary judgment because (1) Stevens failed to conclusively establish negligence, (2) Stevens failed to conclusively establish damages, and (3) Stevens' summary judgment relied on the incorrect measure of damages. Because we conclude Stevens failed to conclusively establish P.A.M.'s driver's negligence proximately caused the collision, we reverse the trial court's judgment and remand for further proceedings.

Stevens sued P.A.M. alleging its driver, James Herdo, was negligent in failing to keep a proper lookout and failing to safely operate his vehicle when Herdo backed into Stevens' semi-tractor. Stevens filed a traditional motion for summary judgment asserting it conclusively

established Herdo's negligence proximately caused the collision resulting in damages to its semi-tractor. The trial court granted the motion.

In its first issue, P.A.M. contends the trial court erred in granting the motion because Stevens failed to conclusively establish Herdo breached his duty of care. Stevens, as movant for summary judgment, had the burden of showing there was no genuine issue of material fact, and that it was entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). As plaintiff moving for summary judgment on its affirmative claims, Stevens was required to prove all essential elements of its cause of action as a matter of law. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *AN Collision Ctr. of Addison, Inc. v. Town of Addison*, 310 S.W.3d 191, 193 (Tex. App.—Dallas 2010, no pet.).

In its motion for summary judgment, Stevens alleged it had conclusively established Herdo breached his duty of care by backing into Stevens' semi- tractor. According to P.A.M., this was insufficient to conclusively establish a breach of the duty of care. We agree.

To establish negligence, a party must establish a duty, a breach of that duty, and damages proximately caused by the breach. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam). Every motorist has a duty to keep a proper lookout. *Lynch v. Ricketts*, 158 Tex. 487, 491-92, 314 S.W.2d 273, 275 (1958). "[A] proper lookout encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including speed and proximity of other vehicles as well as rules of the road and common experience." *Carney v. Roberts Inv. Co.*, 837 S.W.2d 206, 210 (Tex. App.—Tyler 1992, writ denied). To establish a motorists negligence is a proximate cause of a collision, "there must be facts in the evidence from which [a fact-finder could infer] that a proper lookout ... would have alerted an ordinary

–2–

prudent person to danger at such time and distance that evasive action could have been taken in order to prevent the accident." *Fannin v. Hall*, 561 S.W.2d 952, 956 (Tex. Civ. App.—Tyler 1978, no writ); *see Montes v. Pendergrass*, 61 S.W.3d 505, 510 (Tex.App.—San Antonio 2001, no pet.).

In its motion for summary judgment, Stevens relied on P.A.M.'s answers to admissions to prove Herdo breached the duty of care. Specifically, P.A.M. admitted that Herdo backed into Stevens' semi-tractor at a truck stop. P.A.M. asserts this evidence is insufficient to prove Herdo breached his duty of care because Stevens did not establish any specific act of negligence that caused the collision. Stevens responds that summary judgment was proper because the admissions were sufficient to permit the trial court to "find" that Herdo breached his duty by failing to keep a proper lookout.

Initially, we note that the issue here is not whether the evidence would be sufficient to support a finding of negligence following a trial on the merits. Rather, the question is whether P.A.M.'s summary judgment evidence rises to the level of conclusive evidence that Herdo failed to keep a proper lookout. There mere occurrence of an accident is no evidence of negligence, but the character of the accident, and the circumstances of proof attending it, may be such to support a finding that without negligence the accident would not have occurred. *Brinegar v. Porterfield,* 705 S.W.2d 236, 238 (Tex. App.—Texarkana 1986), *aff'd,* 719 S.W.2d 558 (Tex. 1986). A rear-end collision may be some evidence of negligence of the rear-ending driver, but it does not constitute conclusive proof. *Stone v.* Sulak, 994 S.W.2d 348, 351 (Tex. App.—Austin 1999, no pet.); *see also Benavente v. Granger*, 312 S.W.3d 745, 749 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Risinger v. Shuemaker,* 160 S.W.3d 84, 90 (Tex. App.—Tyler 2004, pet. denied).

Here, Stevens was required to conclusively establish that Herdo failed to keep a proper lookout and that failure proximately caused the collision. Instead, Stevens conclusively established that Herdo backed into Stevens semi-tractor. Just as proof that a driver rear-ended another vehicle does not constitute conclusive proof of negligence, neither is evidence that a driver backed into another vehicle. Because Stevens failed to conclusively establish Herdo failed to keep a proper lookout, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE

121031F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

P.A.M. TRANSPORT, INC., Appellant

No. 05-12-01031-CV          V.

STEVENS TRANSPORT, INC., Appellee

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-11-05864-E.
Opinion delivered by Justice O'Neill.
Justices Moseley and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant P.A.M. TRANSPORT, INC. recover its costs of this appeal from appellee STEVENS TRANSPORT, INC.

Judgment entered this 31st day of July, 2013.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE