**Affirmed; Opinion Filed June 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01599-CV

### VICTOR MALDONADO, Appellant
### V.
### SUMEER HOMES, INC., PALMER DRYWALL, L.L.C., AND
### ISC BUILDING MATERIALS, INC., Appellees

### On Appeal from the 101st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-10-01137-E

# MEMORANDUM OPINION

Before Justices Myers, Evans, and O'Neill[1]
Opinion by Justice Evans

Victor Maldonado appeals from three adverse summary judgments in his personal injury lawsuit against Sumeer Homes, Inc., Palmer Drywall, L.L.C., and ISC Building Materials, Inc. (Builders). In two issues, Maldonado generally asserts that the trial court reversibly erred in (1) failing to sustain his objections and special exceptions to the Builders' respective summary judgment affidavits, and (2) granting the Builders' summary judgment motions. After reviewing the record, we conclude that Maldonado failed to meet his evidentiary burden in response to the Builders' no-evidence motions for summary judgments. We therefore affirm the trial court's judgment.

---

[1] The Honorable Michael J. O'Neill, Justice, Court of Appeals, Fifth District at Dallas, Retired, sitting by assignment.

BACKGROUND

This dispute arises out of injuries Maldonado sustained during the construction of a home being built by Sumeer Homes. Maldonado, a sheetrock installer who was working on stilts, was injured when he tripped and fell on a stack of sheetrock in the kitchen where he was working. At the time of the accident, Maldonado was working for Arturo Galvan who was hired by Palmer, the drywall subcontractor, to supply the labor for the sheetrock installation on the home. Palmer contracted with ISC to supply and deliver the sheetrock to the home. ISC, in turn, hired Moises Aguilar who delivered and stacked the sheetrock in the kitchen and other rooms for installation.

After his accident, Maldonado sued the Builders and Arturo Galvan asserting various negligence theories and a claim for gross negligence. Specifically, Maldonado alleged that his accident was caused by the negligently placed sheetrock and failure to warn of the danger. He further alleged he was instructed to work on stilts by defendants' agents in an area where it was "not safe to utilize the stilts as there was sheetrock negligently placed on the ground there by employees and/or authorized agents of [ISC]" and that all the defendants were responsible for the supervision and safety of workers at the job site.

Each of the Builders moved for summary judgment asserting both traditional and no-evidence grounds. In three separate orders, the trial court granted summary judgment in favor of the Builders without specifying the grounds relied on for its rulings. Although the trial court had previously denied Galvan summary judgment, the claims against him were later dismissed for want of prosecution. Maldonado then filed this appeal.

ANALYSIS

We review a trial court's summary judgment de novo. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). The party moving for a traditional summary judgment has the burden of establishing there are no genuine issues of material fact and that it is

entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c). In a no-evidence motion for summary judgment, however, the non-movant must present more than a scintilla of probative evidence to raise a genuine issue of material fact on each challenged element of a claim on which the non-movant has the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review the summary judgment evidence under either type of motion in the light most favorable to the non-movant. *See Pain Control Inst., Inc. v. GEICO Gen. Ins. Co.*, 447 S.W.3d 893, 897 (Tex. App.—Dallas 2014, no pet.). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995).

We begin our analysis addressing whether the trial court erred in granting the Builders' no-evidence summary judgment motions. The Builders challenged the breach and proximate cause elements of Maldonado's negligence claims in their no-evidence summary judgment motion. They also asserted Maldonado had no evidence they violated a statute to support a negligence per se claim; no evidence that the Builders were employers, employed Maldonado, or that the Builders were engaged in a discriminatory practice to support a claim under section 21.055 of the labor code; and no evidence that Galvan was their employee or that they breached any duty to hire competent employees that proximately caused Maldonado's damages or supported a cause of action for negligent hiring or retention. On appeal, Maldonado does not address or present any argument regarding the Builders' no-evidence grounds on his negligence per se claim, claim under section 21.055 of the labor code and negligent hiring/retention claim. Accordingly, we affirm the summary judgment on those claims.

With respect to his remaining negligence claims, Maldonado contends the trial court "committed reversible error when it failed to find that [Maldonado] produced more than a

scintilla of credible evidence that [the Builders] owed duties to provide [Maldonado] with a reasonably safe place to work, which they breached and thereby proximately caused or contributed to his fall and resulting injuries and damages." Specifically, he contends his summary judgment evidence demonstrates that his injury resulted from either a premises defect or activity over which the Builders had some control. We analyze Maldonado's negligence and premises liability claims together.

The elements of actionable negligence are a duty owed to one party from another, a breach of that duty, and damages proximately caused by the breach of that duty. *See Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001). Premises liability is a special type of negligence claim where the duty owed depends on the status of the plaintiff at the time of the incident. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 675 (Tex. 2004). To prevail under his premises liability claim, Maldonado must establish, among other things, that a condition on the premises posed an unreasonable risk of harm. *See id.*

The Builders asserted that they were entitled to summary judgment on Maldonado's negligence claims because he had no evidence of the elements of breach or causation.[2] To establish breach of a duty, Maldonado must show the Builders did something an ordinarily prudent person exercising ordinary care would not have done under those circumstances, or that the Builders failed to do that which an ordinarily prudent person would have done in the exercise of ordinary care. *See Caldwell v. Curioni*, 125 S.W.3d 784, 793 (Tex. App.—Dallas 2004, pet. denied). To establish proximate causation, Maldonado must show "cause in fact" and foreseeability. *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005). The test for cause in fact is whether the act or omission was a substantial factor in causing the injury without which

---

[2] ISC also challenged the element of duty in its no-evidence summary judgment motion.

the harm would not have occurred. *Id.* These causation elements cannot be established by mere conjecture, guess or speculation. *Id.*

We need not decide whether the Builders had a duty to provide Maldonado with a reasonably safe place to work. As noted above, all of Maldonado's negligence claims were based on the allegedly "negligently placed" sheetrock and/or the Builder's failure to supervise Maldonado's work. Having reviewed the record, we conclude Maldonado has provided no evidence that the placement of the sheetrock or that the Builders' failure to supervise were breaches that proximately caused his injuries and damages.

In response to the Builders' summary judgment motions in the trial court below, Maldonado presented (1) various Builders' responses to interrogatories, requests for production, and requests for disclosure; (2) deposition excerpts from Builders' representatives, Maldonado, Galvan, and Maldonado's co-worker Juan Garcia, who was a witness to the accident; (3) Maldonado's affidavit[3]; and (4) an affidavit and preliminary and supplemental reports from Maldonado's safety expert, Tom Littrell.[4]

On appeal, Maldonado largely focuses his discussion on whether the Builders had a duty with respect to Maldonado rather than the other negligence elements at issue in the Builders' no-evidence summary judgment motions. To the extent he does address breach and proximate causation, he argues his evidence creates a fact question about whether the sheetrock stacked in the kitchen was a defective or dangerous condition. Maldonado relies in part on his deposition and affidavit testimony that although he was aware of the sheetrock pile, there was not "a lot" of

---

[3] Maldonado also complains about the trial court's ruling sustaining ISC's objections to his summary judgment affidavit. Because it makes no difference to our conclusion, we consider the affidavit along with Maldonado's other summary judgment evidence for the purposes of our discussion and analysis regarding whether he met his evidentiary burden with respect to the Builders' no-evidence summary judgment.

[4] The safety expert's affidavit and reports were attached only to Maldonado's response to ISC's motion for summary judgment.

room to move around it. He testified that after putting on the stilts and working for less than an hour, he attempted to turn around and "knocked into or tripped over the stack of sheetrock on the floor and . . . fell[.]" He was "going by the side" of the stack of sheetrock and didn't know how he tripped. In Garcia's deposition, also relied on by Maldonado, he testified that Maldonado was trying to cross over the sheetrock sheets and got stuck or slipped, causing him to fall. Garcia indicated that Maldonado had room to walk around the sheetrock pile with stilts and had been working on the stilts around the sheetrock in the kitchen for about an hour before his fall.

Other evidence on which Maldonado relies to defeat the Builders' no-evidence motions include: Sumeer was the homebuilder and general contractor; Palmer was one of Sumeer's subcontractors that provided the sheetrock piled up in the kitchen; it was industry standard to stack sheetrock in the middle of the room; in light of the kitchen's dimensions, there was only three feet on each side and four feet on each end of the stack in which to walk on stilts while installing the sheetrock[5]; Sumeer's superintendent did daily walk-throughs of the premises and was there in the morning prior to Maldonado's fall; Maldonado was wearing stilts while installing the sheetrock to be able reach ten feet above the concrete slab; Galvan was supervising the sheetrock installers on the date of Maldonado's fall; Sumeer's director of operations admitted that stilts might be used if the ceiling is over eight feet high, but he had no opinion on the condition of the floor area where workers were using stilts; as Sumeer's independent contractor, Palmer had the responsibility of putting up the drywall; and no one from Palmer or Sumeer supervised how appellant installed the sheetrock.

---

[5] Maldonado does not cite to any evidence discussing the particular dimensions of the kitchen at issue. Instead, his conclusions about the amount of room he had to work is based on his own testimony that the sheets of sheetrock were four feet wide and twelve feet long and the deposition testimony of a Sumeer representative who confirmed its kitchen areas were between 200 and 250 square feet. From this testimony Maldonado speculates, "it is reasonable to infer that the kitchen [where Maldonado fell] had been framed to be only 10 feet wide and 20 feet long."

What Maldonado's evidence does not show is any breach on the part of the Builders that proximately caused his accident. There is no evidence that the sheetrock should not have been placed in the kitchen or that the area in which Maldonado was working was unsafe. Other than the mere happening of Maldonado's accident, there is nothing in Maldonado's evidence to suggest that the placement of sheetrock in the kitchen breached any duty the Builders allegedly owed to Maldonado. The mere occurrence of an accident is no evidence of negligence, but the character of the accident, and surrounding circumstances may be such to support a finding that without negligence, the accident would not have occurred. *See Brinegar v. Porterfield*, 705 S.W.2d 236, 238 (Tex. App.—Texarkana 1986), *aff'd,* 719 S.W.2d 558 (Tex. 1986). Here, based on the evidence presented by Maldonado, the character of the accident and the surrounding circumstances simply do not raise a fact issue about whether his accident would not have happened absent negligence on the part of the Builders. There is no evidence that the sheetrock was negligently placed, that Maldonado should not have been working on stilts, or that his accident was the result of a failure to supervise his work. In fact, Maldonado's own safety expert opined that "the accident [Maldonado] had was just that—an accident. He got his stilts caught or slipped on something that caused his fall." Accordingly, Maldonado did not meet his burden of presenting sufficient evidence to create a fact issue on whether the Builders breached any duty that proximately caused his accident and injuries. *See W. Invs., Inc.*, 162 S.W.3d at 551. Because Maldonado did not present sufficient evidence of breach and proximate cause in response to the Builder's no-evidence summary judgment, the trial court did not err in granting summary judgment on his negligence claims.

In their traditional summary judgment motions, the Builders argue that because Maldonado cannot prevail on his negligence claims, the Builders are also entitled to summary judgment on his gross-negligence claims. We agree. Negligence and gross-negligence are not

–7–

separable causes of action but are inextricably intertwined in that gross negligence presumes a negligent act and includes more elements. *See Bastida v. Aznaran*, 444 S.W.3d 98, 110 (Tex. App.—Dallas 2014, no pet.). Because we have already concluded the trial court properly granted summary judgment on Maldonado's negligence claims, the Builders were entitled to summary judgment on his gross-negligence claims as a matter of law. *See Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 201 n.16 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (plaintiff who cannot support cause of negligence cannot succeed on gross negligence).

Our resolution of these issues make it unnecessary to address Maldonado's remaining complaints regarding the propriety of the Builder's traditional motions for summary judgment and his complaint about the trial court's failure to sustain his objections and special exceptions to the Builders' traditional summary judgment affidavits.

We affirm the trial court's judgment.


/ David Evans/
DAVID EVANS
JUSTICE

121599F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VICTOR MALDONADO, Appellant

No. 05-12-01599-CV          V.

SUMEER HOMES, INC., PALMER
DRYWALL, L.L.C., AND ISC BUILDING
MATERIALS, INC., Appellees

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-01137-E
Opinion delivered by Justice Evans, Justices
Myers and O'Neill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees Sumeer Homes, Inc., Palmer Drywall, L.L.C., and ISC
Building Materials, Inc. recover their costs of this appeal from appellant Victor Maldonado.


Judgment entered this 23rd day of June, 2015.