Janice Williams PORTERFIELD, Administratrix of the Estate of Walter C. Williams, Deceased, Petitioner,

v.

Lorene BRINEGAR, Respondent.

No. C–5123.

Supreme Court of Texas.

Nov. 19, 1986.

James N. Haltom, Hubbard, Atton, Peek, Haltom & Roberts, Texarkana, for petitioner.

Donald B. Friedman, Friedman & Hooper, Texarkana, for respondent.

WALLACE, Justice.

This is an appeal from the granting of an instructed verdict. The suit is for damages arising out of a one car accident in which the driver, Walter C. Williams, was killed and the passenger, Lorene Brinegar, was injured. The trial court granted an instructed verdict for Janice Williams Porterfield, the Administratrix of the Estate of Walter C. Williams, Deceased. The court of appeals reversed the judgment of the trial court and remanded the cause for trial. 705 S.W.2d 236. We affirm the judgment of the court of appeals.

Brinegar and Williams were returning to Atlanta, Texas, from an evening of dancing in Texarkana, Arkansas. Brinegar was asleep, Williams was killed upon impact, and there were no other witnesses to the accident.

Department of Public Safety Officer Larry Aycock testified his investigation of the accident revealed no skid marks, which indicated that Williams had not hit his brakes. Aycock found no indication that the automobile had made contact with any object other than the ground. He further testified there was heavy fog, the road was dry, and the auto had travelled approximately 100 feet after leaving the roadway, turning over as it did so.

Brinegar testified that: (1) Williams had been awake since 5:30 a.m. of the prior day, the accident occurred approximately 3:30 a.m.; (2) she had driven the automobile several times and it appeared to function properly; (3) Williams was 46 years old and in excellent health; and (4) Williams was familiar with the road since he travelled it on a daily basis going to and from work.

The issue before us is whether the above testimony precludes an *instructed verdict* against Brinegar. On appeal from an instructed verdict the task of an appellate court is to determine whether there is any evidence of probative force to raise a fact issue. The court must consider all of the evidence in the light most favorable to the party against whom the verdict was instructed, discarding all the contrary evidence and inferences. *Collora v. Navarro,* 574 S.W.2d 65 (Tex.1978). The trial court may properly withdraw a case from the jury and instruct a verdict only if there is no evidence to support a material issue. *See Najera v. Great Atlantic & Pacific Tea Co.,* 207 S.W.2d 365 (Tex.1948).

Brinegar contends her testimony entitled her to a jury issue on the doctrine of *res ipsa loquitur.* Mrs. Porterfield, as Administratrix of the Estate of Williams, contends: (1) proof of an automobile accident is no proof of negligence; (2) the doctrine of *res ipsa loquitur* may be invoked only upon a showing of negligence coupled with the further showing that the instrument which caused the injury was within the control of the defendant; and (3) it was the burden of Ms. Brinegar to negate all possible causes of the collision other than the negligence of Williams. At trial Mrs. Porterfield suggested a number of causes of the accident, chief of which could have been an oncoming automobile or animal in Williams' lane of traffic which caused him to swerve sharply to the right to avoid a collision. She correctly points out that the courts of this State have not previously applied the doctrine of *res ipsa loquitur* in a fact situation like this.

*Res ipsa loquitur* means simply that the nature of the occurrence itself furnishes circumstantial evidence of negligence. Porterfield's contention that *res ipsa loquitur* applies only upon a showing of specific negligence would render the doctrine meaningless. The test to be applied was set out by this court in *Mobil Chemical Co. v. Bell,* 517 S.W.2d 245 (Tex.1974), where we held that *res ipsa loquitur* is applicable when two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence, and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant. We further held that the possibility of other causes does not have to be completely eliminated but their likelihood must be so reduced that the jury can reasonably find by a preponderance of the evidence that the negligence, if any, lies at the defendant's door. *Mobil Chemical* at 251.

■ Although an accident is no evidence of negligence, the character of the accident, and the circumstances and proof attending it, may reasonably lead to the belief that without negligence the accident would not have occurred. Where the particular thing causing the injury is shown to be under the management of the defendant, or his servants, and the accident is such as in the ordinary course of things does not happen if those who have management use proper care, it affords reasonable inference, in the absence of explanation, that the accident arose from want of care. *Washington v. M.K. & T. Railway Co.,* 38 S.W. 764 (Tex.1897).

Brinegar relies primarily on the case of *Texas & Pacific Coal Co. v. Kowsikowsiki,* 125 S.W. 3 (Tex.1910). In *Kowsikowsiki,* this court determined that the instrumentality causing the accident was not shown to be in the exclusive management of the defendant. *Kowsikowsiki* is distinguishable, however, because it involved a coal train derailment, not an automobile driven by the defendant, such as we have here.

The record in this case reflects that at the time of the accident, Williams was driving and was in exclusive control of the car, which was in good mechanical condition. Williams, although generally in good health, had been awake for approximately 22 hours. The pavement was dry even though a heavy fog had developed, perhaps necessitating a reduced speed. The road was straight, and the view unobstructed. There were no skid marks on the pavement that would indicate Williams' attention was distracted by an animal or another vehicle. Finally, there was testimony that the car travelled approximately 100 feet after it left the road and there was no indication that it collided with another object. Brinegar argues she has presented a situation which reasonable minds could infer would not ordinarily result in an accident in the normal chain of events in the absence of negligence.

After carefully reviewing the cases from other states with similar facts, we are persuaded the decisions upholding the application of *res ipsa loquitur* are better reasoned. As stated by the Supreme Court of North Carolina:

> Defendant intestate was in control of the vehicle when it left the highway on a curve. It is unusual for an automobile to leave the highway. When it does so without apparent cause and inflicts the injury or damage, an inference of the driver's actionable negligence arises, which will take the case to the jury. The inference of negligence does not arise from the mere fact of injury, it arises from the manner in which it occurred.

*Greene v. Nichols*, 274 N.C. 18, 161 S.E.2d 521, 527 (1960).

Because Brinegar has presented some evidence of both elements of *res ipsa loquiter*, a fact question was presented. It is the prerogative of the jury to determine whether a preponderance of the evidence points to negligence on the part of Williams.

We affirm the judgment of the court of appeals.