OPINION
UTTER, Justice.
This is an appeal from an instructed verdict rendered against the plaintiff in a negligence case. We reverse and remand in part and affirm in part.
Appellant claimed that he injured his back while he was rescuing his neighbor, appellee, Mrs. Roberts, who was trapped underneath a riding lawn mower. Appellant sued Mrs. Roberts, alleging that she had negligently gotten herself into a situation which invited rescue. Appellant also sued Simplicity, the manufacturer of the lawn mower, alleging a claim under products liability.
The trial court instructed a verdict in favor of Mr. and Mrs. Roberts based upon no evidence of negligence. The jury found that the lawn mower was not defectively designed. Accordingly, the trial court entered a judgment that appellant take nothing.
Appellant’s suit against Mrs. Roberts was based upon the principle that a rescuer who suffers injuries in reasonably undertaking a rescue may recover from the rescued person if the latter’s negligence created the situation which compelled the rescue. See Bell Cab Co. v. Vasquez, 434 S.W.2d 714 (Tex.Civ.App.—San Antonio 1968, writ ref’d n.r.e.); Kelley v. Alexander, 392 S.W.2d 790 (Tex.Civ.App.—San Antonio 1965, writ ref’d n.r.e.); Reddick v. Longacre, 228 S.W.2d 264 (Tex.Civ.App.—Fort Worth 1950, writ ref’d n.r.e.).
Appellant relies on the doctrine of res ipsa loquitur to establish that Mrs. Roberts was negligent.
Mrs. Roberts argues that appellant did not properly plead res ipsa loquitur. Appellant pled that Mrs. Roberts’ accident “was caused by some act on her part which constituted negligence in failing to properly operate the lawn mower and failing to take due care for her own safety_” [emphasis ours] The record reflects that, although appellee filed special exceptions to the pleadings, no hearing was had as to the special exceptions. Therefore, they were waived. Tex.R.Civ.P. 90. Thus, the pleadings were sufficient to give fair notice of appellant’s intent to rely on any “negligent acts reasonably inferable from the circumstances of the accident.” Mobil Chemical Co. v. Bell, 517 S.W.2d 245, 254 (Tex.1974).
Res ipsa loquitur is applicable when “(1) the character of the accident is such that it would not ordinarily occur in the absence of negligence, and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant.” Porterfield v. Brinegar, 719 S.W.2d 558, 559 (Tex.1986). “[T]he possibility of other causes does not have to be completely eliminated but their likelihood must be so reduced that the jury can reasonably find by a preponderance of the evidence that the negligence, if any, lies at the defendant’s door.” Id.
Mrs. Roberts testified that she had just started to cut her grass on her riding lawn mower when she decided to go back to the house and get her cigarettes. At this point, she was next to her mailbox, facing the street, going up “a little incline.” She further testified that she was wearing “thongs” and the grass could have been “a little damp.”
This particular lawn mower has a combination brake and clutch pedal. Depressing the pedal simultaneously disengages the clutch and applies the brakes.
*379 Mrs. Roberts depressed the pedal with her right foot and reached down with her left hand to disengage the blade. Her right hand remained on the steering wheel. Then, she stated, “[i]t gave a jerk and the last thing I remember I was laying down on my stomach.” She testified that “[i]t jerked like the clutch popped out or something.” She stated that she did not know whether her foot slipped off of the clutch. Mrs. Roberts testified that she has no recollection of how the accident happened, how she fell off the lawn mower, how she got underneath it, or how the lawn mower got in reverse gear.
Mrs. Roberts’ daughter-in-law, Ira Roberts, testified that she found her mother-in-law pinned underneath the riding lawn mower with the machine still running. She testified that the chain and tires were injuring her and that she was bleeding. Ira shut the motor off and tried to get the mower off of Mrs. Roberts, but to no avail. She then went to appellant for help.
Ira testified that appellant lifted the back of the lawn mower up and held it for several minutes while she untangled Mrs. Roberts’ clothes. Ira was then able to pull the semi-conscious Mrs. Roberts from under the lawn mower.
Prior to the granting of the motion for instructed verdict, the following testimony was presented.
John Brackin, vice-president of engineering at Simplicity, testified that “I don’t believe that the machine lurched due to the design of the product.” He also stated that the clutch mechanism is so designed that it makes no difference whether the clutch is let-out slowly or “popped-out,” “[i]n either case, it takes off very smoothly.” He stated that “the facts that I have heard so far just don’t seem to add up” to the machine lurching forward.
John Sevart, an engineer, testified for appellant. It was his opinion that:
either her foot slipped from the clutch or she simply let the clutch out and that the mower jerked.... When the mower jerked, this caused her to go off of the machine to the back, since she was not expecting this, and ... it’s most probable that as she went over, she caught the shift lever ... kicking the machine into reverse and that the machine then came back on her, the weight of the rear wheels plus the chain had caught some „ of her garments, held her into [sic] place....
Mr. Sevart testified that a mower such as this can jerk forward with sufficient force to knock someone off of it if he or she is not expecting it.
Mr. Sevart also testified about a phenomenon known as “wheel slip.” He stated that wheel slip occurs “where the rear wheels or the drive wheels lose traction which causes the lawn mower then to quit moving forward for a moment, and then when the lawn mower regains traction, there will be a sudden jerk of the machine.” He stated that wheel slip could be caused by wheels turning on wet grass. There was testimony that the grass was slightly wet from dew.
Mr. and Mrs. Roberts both testified that they knew that the lawn mower “jerked” when the clutch was released.
In reviewing an instructed verdict, the appellate court must determine whether there is any evidence of probative force to raise fact issues on the material questions presented. Sullivan v. Methodist Hospitals, 699 S.W.2d 265 (Tex.App.—Corpus Christi 1985), writ ref'd n.r.e. per curiam, 714 S.W.2 302 (Tex.1986). All of the evidence must be considered in the light most favorable to the party against whom the instructed verdict was granted, and all contrary evidence and inferences must be disregarded. C.S.R., Inc. v. Industrial Mechanical, Inc., 698 S.W.2d 213 (Tex.App.—Corpus Christi 1985, writ ref’d n.r.e.).
The contrary evidence in a res ipsa lo-quitur case is the evidence of “the possibility of other causes.” In this case, the evidence of other causes is that of “wheel slip” and Mr. Sevart’s testimony that “she simply let the clutch out and ... the mower jerked.” Disregarding this evidence, we are left with Mrs. Robert’s testimony that she doesn’t know how the accident happened, and Mr. Sevart’s opinion that “the *380 most probable scenario” is that “her foot slipped from the clutch ... and the mower jerked.”
We agree with appellant that the facts of this case present a situation which reasonable minds could infer would not ordinarily result in an accident in the absence of negligence. There is no dispute that the lawn mower was under the management and control of Mrs. Roberts.
Viewing the evidence as we must in an instructed verdict case, we hold that there is some evidence that Mrs. Roberts was negligent under the doctrine of res ipsa loquitur. A directed verdict was therefore improper. Appellant’s first point of error is sustained.
By his second point of error, appellant contends that the “action against Simplicity should be reinstated.” Appellant does not challenge the jury’s findings as to Simplicity, but argues that if the instructed verdict is reversed, then “the doctrine of comparative negligence” would require a reversal of the entire case, citing this Court’s opinion in Sullivan v. Methodist Hospitals, 699 S.W.2d at 273-4. However, the portion of Sullivan relied upon by appellant was expressly disapproved of by the Supreme Court in Methodist Hospitals v. Sullivan, 714 S.W.2d at 303. This reasoning is equally applicable to a case such as this, with negligence claims against one defendant and products liability claims against another defendant. Since Simplicity’s liability has been determined by the jury, remand is improper. Id.
The judgment of the trial court instructing a verdict in favor of Mr. and Mrs. Roberts is REVERSED and REMANDED for a new trial. The judgment in favor of Simplicity is AFFIRMED.