

# IN THE
## TENTH COURT OF APPEALS

### No. 10-16-00162-CV

KAYCI PETERSON, INDIVIDUALLY AND AS NEXT
FRIEND OF G.P., W.P., AND G.P.,

Appellant

v.

MIDSTATE ENVIRONMENTAL SERVICES, L.P. AND
JOHN DOE EMPLOYEE OF MIDSTATE ENVIRONMENTAL
SERVICES, L.P.,

Appellees

From the 82nd District Court
Falls County, Texas
Trial Court No. 12-08-38275-CV

## MEMORANDUM OPINION

In her sole issue, Appellant Kayci Peterson, individually and as next friend of G.P.,

W.P., and G.P., appeals from the trial court's order granting the combined traditional and

no-evidence motion for summary judgment of Appellees Midstate Environmental

Services, L.P. (Midstate) and John Doe, an employee of Midstate. We will reverse and

remand.

**Background**

According to Peterson's petition, on or about August 20, 2010, she was driving north on State Highway 6 in Falls County, Texas; her children—G.P., W.P., and G.P.— were in the car with her. Peterson alleged that she was driving the speed limit when a mid-sized tanker truck driven by Doe quickly approached from behind and passed her vehicle without slowing down. Peterson alleged that as the tanker truck passed, it hit a bump in the road, causing a "noxious chemical" to splash onto the hood of her car. According to Peterson, she and her children were immediately overcome by fumes, and they felt a burning sensation on their skin. Peterson alleged that she pulled her car over to the side of the road and that her eldest child rolled down the car's windows. Peterson alleged that after regaining some ability to breathe, she caught up to the tanker truck and learned that it belonged to Midstate. According to Peterson, her sons called the telephone number on the side of the tanker truck and reached Midstate's offices. Peterson alleged that during the phone call, she was told that the truck was carrying only recycled oil in its barrels. Peterson alleged, however, that Midstate's "contention is inconsistent with the immediate severe reactions that [she and her children] endured and the corrosive damage caused by the chemical to the hood of [her] car."

Peterson sued Midstate and Doe for negligence, asserting that they breached their duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under similar circumstances by (1) operating the tanker truck at a greater speed than a person of ordinary prudence would have under the same or similar circumstances and (2) failing to properly secure the chemicals that the tanker truck

carried in its cargo. Peterson claimed that the breach of duty proximately caused her and her children's injuries, including property damages, past physical pain and suffering, past disfigurement, past mental anguish, future mental anguish, and fear of future diseases or conditions. Peterson further alleged that Midstate's conduct constituted negligence *per se* in that its conduct constituted a breach of duty imposed by various state and federal regulations related to the transport of noxious chemicals and that the breach of duty proximately caused her and her children's injuries. Finally, Peterson asserted that Midstate's conduct constituted negligence under the doctrine of *res ipsa loquitur* and that Midstate was liable for the negligence of Doe under the doctrine of *respondeat superior*.

Midstate filed its answer denying the allegations. Midstate and Doe then filed a combined traditional and no-evidence motion for summary judgment. The trial court granted the motion without explanation, dismissed Peterson's causes of action against Midstate and Doe, and ordered that Peterson take nothing. This appeal ensued.

### Standard of Review

We review a trial court's summary judgment, both traditional and no-evidence, *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Strandberg v. Spectrum Office Bldg.*, 293 S.W.3d 736, 738 (Tex. App.—San Antonio 2009, no pet.). When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). Any claims that survive the no-evidence review will then be reviewed under the traditional standard. *Id.* at 219-20.

**No-Evidence Motion for Summary Judgment**

A no-evidence motion for summary judgment is essentially a motion for pretrial directed verdict. *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 581 (Tex. 2006); *see also Humphrey v. Pelican Isle Owners Ass'n,* 238 S.W.3d 811, 813 (Tex. App.—Waco 2007, no pet.). Once such a motion is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion. *Tamez,* 206 S.W.3d at 582. The nonmovant must produce "summary judgment evidence raising a genuine issue of material fact." Tex. R. Civ. P. 166a(i); *see id.* Comment 1997 ("To defeat a motion made under paragraph (i), the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements."). A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997)). On the other hand, the evidence amounts to no more than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" of fact. *Id.* When determining if more than a scintilla of evidence has been produced, the evidence must be viewed in the light most favorable to the nonmovant. *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 601 (Tex. 2004).

To prevail on a negligence cause of action, the plaintiff must establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach. *W. Invs.,*

*Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).  In their no-evidence motion for summary judgment, Midstate and Doe challenged the evidence to support the breach and causation elements.[1]

We begin with the element of breach.  Midstate and Doe asserted in their motion that Peterson could produce no evidence to show that they breached any duty that they owed to Peterson and her children or that they "failed to act in accord with any customary and reasonable practice for the transportation of used oil and oily water."  Midstate and Doe further asserted, "There is no evidence that [they] were improperly transporting any substance, that [they] failed to take adequate precaution to prevent the spillage of any substance or that [they] violated some other duty owed to [Peterson and her children]."  Peterson argues, however, that in granting Midstate's and Doe's no-evidence motion for summary judgment, the trial court ignored her arguments about *res ipsa loquitur*.

> *Res ipsa loquitur* means simply that the nature of the occurrence itself furnishes circumstantial evidence of negligence.…  [*R*]*es ipsa loquitur* is applicable when two factors are present:  (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence, and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant.…  [T]he possibility of other causes does not have to be completely eliminated but their likelihood must be so reduced that the jury can reasonably find by a preponderance of the evidence that the negligence, if any, lies at the defendant's door.

> Although an accident is no evidence of negligence, the character of the accident, and the circumstances and proof attending it, may reasonably lead to the belief that without negligence the accident would not have occurred.  Where the particular thing causing the injury is shown to be under the management of the defendant, or his servants, and the accident

―――――――――――――――――――
[1] Midstate and Doe assert in their appellate briefing that they sought no-evidence summary judgment on only the causation element of Peterson's negligence claim; however, Midstate's and Doe's motion states otherwise.

is such as in the ordinary course of things does not happen if those who have management use proper care, it affords reasonable inference, in the absence of explanation, that the accident arose from want of care.

*Porterfield v. Brinegar*, 719 S.W.2d 558, 559 (Tex. 1986) (citations omitted).

Here, in response to Midstate's and Doe's no-evidence motion for summary judgment, Peterson presented her own affidavits and attachments thereto as evidence. Midstate and Doe did not file any objections to Peterson's summary-judgment evidence. Peterson's evidence reflects that as she was driving, a truck owned by Midstate that was transporting "a few black barrels" passed her vehicle in the left lane. There were no other vehicles in close proximity. As the Midstate truck crossed back in front of Peterson's vehicle, a substance "sloshed"/"spewed"/"spilled" from the Midstate truck onto the hood of Peterson's vehicle and into its air conditioning vents. The accident occurred at approximately 4:15 p.m. on August 20, 2010. The sun was shining, and it was at least one hundred degrees outside. The road was straight. After briefly stopping, Peterson sped to catch up to the Midstate truck. Peterson caught up to the Midstate truck and got a phone number off of the vehicle. Peterson immediately called the phone number and spoke with a woman at Midstate's offices, who told Peterson that the truck was "supposedly only carrying recycled oil." The substance nevertheless "either corroded or damaged the paint" on Peterson's vehicle. On August 26, 2010, Peterson reported the incident to the Texas Commission on Environmental Quality (TCEQ). On August 27, 2010, Peterson called the TCEQ again "to check on the progress of the investigation and was told that an on-site investigation was to be conducted at the Midstate facility in Waco, Texas."

We believe that Peterson presented some evidence of both elements of *res ipsa loquitur* and therefore primary negligence. First, Peterson described the alleged accident as being the result of the sudden sloshing/spewing/spilling of a substance from a truck driving on a highway to its destination. It is unusual for a substance to suddenly slosh/spew/spill from a truck driving on the highway. Peterson presented evidence that the road and weather conditions were good and that no other vehicle was in close proximity at the time of the alleged accident. Peterson also presented evidence from which one could reasonably infer that the truck was not experiencing a mechanical problem and that the driver of the truck was not experiencing a health issue at the time of the alleged accident. Accordingly, we conclude that Peterson presented some evidence that the character of the alleged accident was such that it would not have ordinarily occurred in the absence of negligence. *See id.* at 560.

We also conclude that Peterson presented some evidence that the truck was under the management and control of Doe, a Midstate employee, at the time of the alleged accident. Peterson presented evidence that she got the phone number for Midstate's offices off of the truck involved in the alleged accident. Peterson presented evidence that Midstate's offices essentially confirmed that the truck was being used by Midstate to transport recycled oil on the date of the alleged accident. Peterson also presented evidence from which one could reasonably infer that the truck would be available for the TCEQ to conduct its investigation at the Midstate facility in Waco and therefore had not been stolen. Accordingly, Peterson raised a genuine issue of material fact as to the element of breach. *See id.*

We next address the element of causation. Midstate and Doe asserted in their motion that Peterson could produce no evidence that she and her children's exposure to material from the tanker truck caused the injuries that they allegedly sustained. Midstate and Doe argued that Peterson had alleged injury due to "toxic exposure" and therefore had to present proof of general and specific causation as in toxic tort cases, which she had not. *See Havner,* 953 S.W.2d at 714-15. Peterson contends, however, that lay testimony is sufficient in this case to raise a genuine issue of material fact as to the element of causation.

In negligence cases, as is this case, "[t]he general rule has long been that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors." *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007). But lay testimony alone is sufficient to establish causation "in limited circumstances where both the occurrence and conditions complained of are such that the general experience and common sense of laypersons are sufficient to evaluate the conditions and whether they were probably caused by the occurrence." *Id.* at 668.

As stated above, in response to Midstate's and Doe's no-evidence motion for summary judgment, Peterson presented her own affidavits as evidence. Peterson's affidavits reflect that when the substance from the Midstate truck sloshed/spewed/spilled onto the hood of her vehicle and into its air conditioning vents, the smell inside the vehicle became "putrid," and Peterson and her children experienced trouble breathing. Peterson also reported feeling a burning sensation on her skin. Once Peterson rolled down her window and started to breathe "clean air," however, she was

able to recover enough to catch up to the Midstate truck before stopping at a gas station restroom to wash off her and her children's bodies.

"Generally, lay testimony establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation." *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984). We believe that the foregoing is some evidence of a sequence of events from which one could reasonably infer, without the aid of expert medical testimony, that the alleged accident caused Peterson and her children to suffer some immediate medical injury. *See id.* We therefore conclude that Peterson has raised a genuine issue of material fact as to whether she and her children's immediate medical injury was proximately caused by the alleged accident.[2]

Regarding her vehicle, Peterson's affidavits also reflect that the Midstate truck sloshed/spewed/spilled a substance onto the hood of her vehicle and that the substance "either corroded or damaged the paint" on her vehicle. We therefore conclude that Peterson has raised a genuine issue of material fact as to whether she suffered property damage that was proximately caused by the alleged accident. *See U.S. Fire Ins. Co. v. Lynd Co.*, 399 S.W.3d 206, 218 (Tex. App.—San Antonio 2012, pet. denied) (op. on reh'g).

---

[2] The remaining medical conditions of which Peterson complains in her affidavits, however, are not "such that the general experience and common sense of laypersons are sufficient to evaluate the conditions and whether they were probably caused by the [alleged accident]." *See Guevara*, 247 S.W.3d at 668. On remand of this cause, we caution about the necessity of causation and damage expert evidence.

In light of the foregoing, we hold that the trial court erred in granting Midstate's and Doe's no-evidence motion for summary judgment as to Peterson's negligence causes of action against them.

**Traditional Motion for Summary Judgment**

We now consider Midstate's and Doe's traditional motion for summary judgment. *See Parker*, 514 S.W.3d at 219-20. In reviewing a traditional motion for summary judgment, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). The movant carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense. *Willrich*, 28 S.W.3d at 23. However, once the movant produces sufficient evidence conclusively establishing its right to summary judgment, the burden shifts to the nonmovant to present evidence sufficient to raise a fact issue. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). In reviewing a traditional summary judgment, we must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *See Mayes*, 236 S.W.3d at 756.

As stated above, to prevail on a negligence cause of action, the plaintiff must establish the existence of a duty, a breach of that duty, and damages proximately caused

by the breach. *Urena*, 162 S.W.3d at 550. Midstate and Doe contended that they were entitled to traditional summary judgment because the TCEQ investigated and found that the tanker truck was transporting used oil and oily water, that neither substance is hazardous, and that there was no evidence of any problem with the tanker truck or of any alleged spillage. Midstate and Doe presented as evidence what they refer to as a "general compliance letter" from the TCEQ that states in pertinent part: "On August 30, 2010, Mr. David Mann of the [TCEQ] Waco Regional Office conducted an investigation of the above-referenced facility to evaluate compliance with applicable requirements for municipal solid waste. No violations are being alleged as a result of the investigation."

Although the general compliance letter is some evidence that Midstate and Doe were not negligent, the letter is not conclusive evidence. Peterson's affidavits indicate that the TCEQ investigation did not occur until ten days after the alleged accident. Furthermore, as shown above, Peterson presented some evidence of both elements of *res ipsa loquitur* and therefore raised a genuine issue of material fact as to her primary negligence cause of action. *See Porterfield*, 719 S.W.2d at 559-60. Thus, we hold that the trial court erred in granting Midstate's and Doe's traditional motion for summary judgment.

## Conclusion

In light of the foregoing, we sustain Peterson's sole issue. We reverse the trial court's order granting the combined traditional and no-evidence motion for summary judgment of Midstate and Doe and remand this cause to the trial court for further proceedings consistent with this opinion.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
      (Chief Justice Gray concurring with opinion)
      (Justice Scoggins dissenting with a note)*
Reversed and remanded
Opinion delivered and filed January 2, 2019
[CV06]

\*      (Justice Scoggins respectfully dissents from the judgment of the Court. A separate opinion will not issue. However, Justice Scoggins notes that appellants have alleged that appellees' truck spilled an unknown, "noxious chemical" onto the hood of appellants' car, which allegedly caused personal injury due to "noxious fumes." Contrary to appellant's assertion, this is not a "garden-variety negligence claim"; rather, it is a "toxic tort" that requires proof of both "general" and "specific" causation. *See Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 714 (Tex. 1997) (stating that toxic-tort cases require proof of both "general" and "specific" causation); *see also Starr v. A.J. Struss & Co.*, No. 01-14-00702-CV, 2015 Tex. App. LEXIS 7084, at \*17 (Tex. App.—Houston [1st Dist.] July 9, 2015, no pet.) (mem. op.) ("A toxic tort means a cause of action arising out of exposure to hazardous chemicals, hazardous wastes, hazardous hydrocarbons, similarly harmful organic or mineral substances, or other similarly harmful substances."). Here, appellants did not identify the hazardous substance to which they were exposed, nor did they proffer any other causation evidence required by *Havner*. Instead, appellants rely on the doctrine of *res ipsa loquitur* to avoid the causation requirements of *Havner*. However, even when the elements of the doctrine of *res ipsa loquitur* are established, "the issues of negligence and proximate cause must be properly established." *Smith v. Koenning*, 398 S.W.2d 411, 415 (Tex. App.—Corpus Christi 1965, writ ref'd n.r.e.). Furthermore, the Texas Supreme Court has held that "'the doctrine (*res ipsa loquitur*) does not apply under the meager proof in this case where none of the parties knew what caused the gassing. Escaping gas in the vicinity of a complex chemical plant could be due to an unexpected and unforeseeable mechanical failure or it could be due to negligence.'" *Marathon Oil Co. v. Sterner*, 632 S.W.2d 571, 573 (Tex. 1982) (quoting *Hogue v. El Paso Prods. Co.*, 507 S.W.2d 246, 250 (Tex. Civ. App.—El Paso 1974, writ ref'd n.r.e.)). Like escaping gas in the vicinity

of a complex chemical plant, the escape of the hazardous substance in this case could be attributable to an unexpected and unforeseeable mechanical failure just as easily as it could be due to negligence. This highlights the need for expert testimony in this matter on causation. And finally, applying the doctrine of *res ipsa loquitur* to fill the gaps in appellants' causation evidence would eviscerate the *Havner* causation requirements for toxic-tort cases and would contravene the Texas Supreme Court's philosophy of science leading the law in these types of cases. Therefore, based on the foregoing, I would conclude that the trial court did not err in granting appellees' no-evidence motion for summary judgment because appellants failed to raise an issue of material fact as to the causation element of their negligence claims.)

