# Supreme Court of Texas

No. 23-1015

Osvanis Lozada and TELS, Inc.,

*Petitioners*,

v.

Cesar R. Posada,

*Respondent*

On Petition for Review from the
Court of Appeals for the Eighth District of Texas

**PER CURIAM**

Cesar Posada sued Osvanis Lozada and Lozada's employer, TELS, Inc., following a collision between two tractor-trailers. Posada brought negligence and negligence per se claims against Lozada and sought to hold TELS vicariously liable. After Lozada and TELS filed no-evidence motions for summary judgment, Posada submitted evidence that Lozada was traveling under the speed limit when a tire on his tractor-trailer suddenly and unexpectedly lost air, causing him to lose control and jackknife before Posada crashed into him. The trial court granted the motions, but in a divided decision, the court of appeals reversed. We conclude that Posada failed to produce summary-judgment

evidence raising a genuine issue of material fact as to whether Lozada breached his duty of care. Accordingly, we reverse the court of appeals' judgment and reinstate the trial court's judgment dismissing Posada's claims against Lozada and TELS with prejudice.

## I

We recount the facts in the light most favorable to Posada, the nonmovant. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003). This case arises out of a collision involving two commercial tractor-trailers. Lozada is a TELS truck driver who was traveling from Houston in the early-morning hours on Interstate 10. He was driving through the fog and under the speed limit at approximately 72 miles per hour when his right front tire began to rapidly lose air pressure. Despite Lozada's attempts to maintain control, his tractor-trailer jackknifed. He brought the truck to rest across I-10's two lanes of traffic and avoided hitting any other vehicle in the process. Before he could move from the road, Posada smashed into him.

Following the incident, Posada sued Lozada in El Paso County for negligence and negligence per se and sought to hold TELS vicariously liable. He alleged that Lozada was "driving in the course and scope of his employment with [TELS]" when his tractor-trailer "suddenly veered off the roadway, spun, and stopped[,] . . . completely blocking both lanes of the [highway]." He stated that he "could not avoid [Lozada's] vehicle, crashed into it, spun, and came to a stop," thereby "sustain[ing] serious bodily injuries and damages." In their original answers, both TELS and Lozada generally denied Posada's allegations and argued that "the occurrence in question was an unavoidable accident" and "was excused."

2

The parties proceeded to discovery, which included depositions of both Posada and Lozada. Lozada then filed a no-evidence motion for summary judgment, arguing that there was no evidence that he breached any applicable standard of care or that he proximately caused the accident. According to Lozada, he experienced "an unexpected loss of tire pressure that caused his tractor-trailer to jack-knife" and meanwhile "did absolutely nothing wrong," as "[t]hese things happen without negligence."

Posada responded to the no-evidence motion by submitting limited excerpts of Lozada's deposition testimony and two photographs of the accident scene.[*] According to Posada, the testimony and photographs "provid[ed] at least a scintilla of evidence establishing a genuine issue of material fact on the elements" of breach and proximate cause. The trial court disagreed and granted Lozada's motion; shortly thereafter, it granted TELS's no-evidence motion for summary judgment as well. Finally, it denied Posada's motions for new trial.

A divided court of appeals reversed. ___ S.W.3d ___, 2023 WL 5671449, at *1 (Tex. App.—El Paso Sept. 1, 2023). First, it held that "a reasonable jury could conclude that Lozada breached his general duty to exercise ordinary care in the operation of his commercial motor vehicle under the circumstances." *Id.* at *5. Specifically, "Lozada's driving of his trailer-truck resulted in his vehicle fully blocking both

---

[*] Posada attached other evidence that the trial court excluded. Posada does not challenge those exclusions and relies entirely on portions of Lozada's deposition testimony as well as the "factual admissions" in Lozada's no-evidence motion for summary judgment and reply on appeal.

lanes of traffic," meaning the trial court "erred in granting [Lozada's] no-evidence motion for summary judgment on the challenged element of breach." *Id.* Second, the court held that a "jury could conclude . . . that the collision would not have occurred but for Lozada's truck blocking both lanes of traffic, and such evidence established a logically traceable connection between Lozada's negligence and Posada's injuries." *Id.* at *8. Thus, said the court of appeals, the trial court erred in granting summary judgment on the "challenged element[]" of "proximate cause." *Id.* The court concluded by reversing the trial court's order granting TELS's no-evidence motion for summary judgment, "inasmuch as the lack of TELS's vicarious liability was predicated on Lozad[a]'s liability." *Id.* at *9.

The dissenting justice disagreed as to both breach and causation. As to breach, she explained that "the position of Lozada's vehicle, by itself, [did not] constitute[] more than a scintilla of evidence that he acted negligently." *Id.* (Soto, J., dissenting). And as to proximate cause, she concluded that Posada "failed to offer more than a scintilla of evidence . . . that Lozada could have avoided the collision if he fulfilled his general duties as a driver." *Id.* at *11. Thus, she would have affirmed the trial court's order granting Lozada's and TELS's no-evidence motions for summary judgment. *Id.* at *12. Posada, she emphasized, simply failed to offer controverting evidence. *Id.* at *10. Based on what was actually before the court, she concluded that "there [was] no evidence that if Lozada had reasonably and prudently—or even perfectly—fulfilled his duties as a driver, the result would have been any different." *Id.* at *11.

This petition followed.

4

## II

"After adequate time for discovery," a party "may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim . . . on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). Here, following the parties' discovery, Lozada filed a no-evidence motion for summary judgment asserting that there is no evidence of either breach or proximate cause. *See Nabors Drilling, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (noting the elements of negligence: duty, breach, causation, and damages). Thus, if Posada failed to "produce[] summary judgment evidence raising a genuine issue of material fact" as to these elements, then Lozada is entitled to summary judgment. TEX. R. CIV. P. 166a(i).

A no-evidence motion "will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch*, 118 S.W.3d at 751 (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). As relevant here, "[l]ess than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). And "[m]ore than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* (quoting *Merrell Dow Pharms.*, 953 S.W.2d at 711).

5

With these standards in mind, we turn to Posada's negligence and negligence per se claims as well as the evidence he produced in support of the challenged elements of breach and proximate cause.

**A**

In driving his tractor-trailer, Lozada owed a common-law duty "to act as a reasonably prudent person . . . toward others on the road." *Perry v. S.N.*, 973 S.W.2d 301, 306 (Tex. 1998). In addition to this preexisting common-law duty, the Transportation Code provides that Lozada "may not drive at a speed greater than is reasonable and prudent under the circumstances then existing," including that he must "drive at an appropriate reduced speed if . . . a special hazard exists with regard to . . . weather or highway conditions." TEX. TRANSP. CODE § 545.351(a), (c)(5). Moreover, "[a]n operator who stops or parks on a two-way roadway shall do so with the right-hand wheels of the vehicle parallel to and within 18 inches of the right-hand curb or edge of the roadway." *Id.* § 545.303(a). Posada argues that he produced more than a scintilla of evidence that "Lozada breached his duty of ordinary care in the operation of his commercial motor vehicle (assuming a tire's loss of air pressure) by over-correcting and/or driving at an excessive speed under the circumstances, causing his tractor-trailer to jackknife on a wet road and block oncoming lanes of traffic." We disagree.

The summary-judgment record here consists solely of Lozada's deposition testimony and two photographs of the accident scene. Specifically, in response to Lozada's no-evidence motion for summary judgment, Posada proffered Lozada's testimony that he was traveling in the left lane of I-10 under the speed limit when his tire "separated from

6

the rim" and "started losing air . . . very fast," "pulling [him] to the right" lane, causing him to jackknife. This all occurred before Posada "impacted [him]" from the left lane. Lozada explained that the tractor-trailer's tires appeared in good condition before his trip and that the tire that lost air "was new." He described the weather the day of the incident as "plenty cold," noting that "[t]here was like fog." The pictures, for their part, capture two unidentified tractor-trailers on the highway apparently following the collision.

On this record, we agree with the dissent below that Posada failed to produce more than a scintilla of evidence that Lozada breached his duty of care. Accidents happen when something has gone wrong, but not all accidents are evidence of negligence. *See Porterfield v. Brinegar*, 719 S.W.2d 558, 559 (Tex. 1986). Something else was needed, but the limited summary-judgment evidence here shows that Lozada was driving safely under the speed limit when his right front tire rapidly and unexpectedly lost air. He managed not to hit any vehicles in foggy weather as he lost control of the tractor-trailer, which jackknifed and straddled the only two lanes of traffic. No evidence suggests that Lozada acted negligently in trying to control the tractor-trailer in response to a rapid, unforeseen tire failure. Likewise, there is no evidence of what speed would have been prudent under the circumstances, *see* TEX. TRANSP. CODE § 545.351(a), nor is there any evidence that Lozada should have attempted to remove the truck from the stream of traffic before Posada crashed into it, *see id.* § 545.303(a). As the dissent put it, we cannot infer that Lozada breached his duty of care "from the mere fact that Lozada's truck was jackknifed across two lanes" following an

unforeseen tire failure. ___ S.W.3d at ___, 2023 WL 5671449, at *10 (Soto, J., dissenting). Rather, it was incumbent upon Posada to identify "evidence of some circumstance supporting the conclusion that Lozada acted negligently," but "Posada failed to do so." *Id.*

True, "in certain limited types of cases[,] the circumstances surrounding an accident constitute sufficient circumstantial evidence of the defendant's negligence to support such a fact finding." *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 250 (Tex. 1974). Those cases deploy res ipsa loquitur, an evidentiary doctrine that "relieve[s] the plaintiff of the burden of proving a specific act of negligence by the defendant when it is impossible for the plaintiff to determine the sequence of events, or when the defendant has superior knowledge or means of information to determine the cause of the accident." *Jones v. Tarrant Util. Co.*, 638 S.W.2d 862, 865 (Tex. 1982). Yet "[t]he doctrine applies *only rarely*," *Schindler Elevator Corp. v. Ceasar*, 670 S.W.3d 577, 583 (Tex. 2023) (emphasis added), and even Posada concedes that "this case does not present a 'res ipsa' issue or other issue where negligence is presumed from the 'mere occurrence of an injury' or is found 'without any evidence as to the nature or circumstances of the defendant's actual conduct.'"

In any event, Posada offers no evidence—circumstantial or otherwise—beyond the mere existence of the accident. The court of appeals relied on the accident's mere existence as sufficient, but in a footnote following that analysis, it suggested that a jury could reasonably conclude that Lozada was negligent because he "was driving at 72 m.p.h. in foggy weather, stayed in the left-hand lane even after the tire began losing pressure, attempted to 'correct' after the truck started

8

pulling to the right, and lost control, ending up with his truck and trailer blocking both lanes of the interstate." ___ S.W.3d at ___, 2023 WL 5671449, at *8 n.6. But because none of this demonstrates that Lozada deviated from what a reasonably prudent person should have done under the circumstances, it amounts to no evidence of negligence. In other words, inferring negligence from that rendition of Lozada's conduct alone would be to "create a mere surmise or suspicion of a fact," which we cannot do. *See King Ranch*, 118 S.W.3d at 751 (internal quotation mark and citation omitted). It is no wonder, therefore, that both the Restatement (Second) and Restatement (Third) of Torts caution against imputing negligence liability against defendants like Lozada:

> There are many types of accidents which commonly occur without the fault of anyone. The fact that a *tire blows out . . . is not*, in the absence of anything more, enough to permit the conclusion that there was negligence in inspecting the tire . . . because it is common human experience that such events all too frequently occur without such negligence.

RESTATEMENT (SECOND) OF TORTS § 328D cmt. c (AM. L. INST. 1965) (emphasis added); *see also* RESTATEMENT (THIRD) OF TORTS: LIAB. FOR PHYS. & EMOT. HARM § 17 cmt. d reporters' note (AM. L. INST. 2010) ("If the evidence more specifically shows . . . that the car swerved *because of a sudden deflation of a tire*, that evidence largely leaves the motorist off the res ipsa loquitur hook." (emphasis added)). These observations strike us as making the common-sense point we began with: that an accident's existence is not itself always evidence that it was caused by negligence.

9

**B**

To resist this conclusion, Posada first urges us not to credit Lozada's "emotional arguments" and self-interested testimony. He then claims that Lozada "was required to file a 'traditional' motion" for summary judgment because Lozada seeks to "rebut" the evidence that he failed to maintain control of his tractor-trailer with the "explanation [for] his conduct (*i.e.*, he lost control of his vehicle due to a tire's sudden loss of air pressure)." Neither argument suffices to defeat summary judgment.

To begin, Posada says Lozada's testimony, which he himself produced in response to Lozada's no-evidence motion for summary judgment, "only creates issues of fact for the fact-finder to resolve." Posada embraces the court of appeals' statement that "[a]fter evaluating the credibility of witnesses, a jury could conclude . . . that Lozada failed to use ordinary care in his driving of his tractor-trailer truck under the circumstances." ___ S.W.3d at ___, 2023 WL 5671449, at *5. Yet Posada submitted only the testimony of *one* witness—Lozada—and the Rules of Civil Procedure permit summary judgment "based on uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions or inconsistencies, and could have been readily controverted." TEX. R. CIV. P. 166a(c). Without something else, in other words, this record simply leaves no factual dispute for a jury to resolve.

We agree with Lozada that summary judgment is appropriate based on the uncontroverted testimonial evidence that Posada put into the summary-judgment record. It is not difficult to imagine the

additional evidence Posada could have proffered to controvert Lozada's testimony—i.e., photographs and lay witness, expert witness, and even personal testimony varying Lozada's version of the events leading to the accident. That is no less true even though, as Posada emphasizes, Lozada "was the only person in his vehicle." We decline Posada's invitation to take Lozada's testimony and construe it as "evidence that the exact opposite of what [he] said" occurred. *Cf. R.T. Herrin Petroleum Transp. Co. v. Proctor*, 338 S.W.2d 422, 427 (Tex. 1960) (explaining that "[t]here must be some circumstance supporting the conclusion that a situation opposite to that depicted by the [interested] witness actually existed").

Next, Posada argues that Lozada should have filed a "traditional," rather than a "no-evidence," motion for summary judgment. We have said that "[i]f a party has the burden of proof on claims or defenses, . . . it cannot use a no-evidence motion to establish those claims or defenses." *Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 187 n.6 (Tex. 2022); *see also* TEX. R. CIV. P. 166a(i). Recall that both TELS and Lozada generally denied Posada's allegations and stated that the crash was "an unavoidable accident" and "was excused." Regarding these "inferential rebuttal issues," *Reinhart v. Young*, 906 S.W.2d 471, 474-75 (Tex. 1995) (Hecht, J., concurring) (discussing cases), Posada argues that he "does not have the burden of proof at trial." His theory is that *Lozada* had the burden to "conclusively establish" the "explanation for his conduct"—namely, that "he lost control of his vehicle due to a tire's sudden loss of air pressure."

Setting aside that it was *Posada* and not *Lozada* who introduced

11

the "explanation for [Lozada's] conduct" into the summary-judgment record, we conclude that Posada's arguments suffer from one fundamental flaw: it is *Posada*, not *Lozada*, who bears the burden of proof at trial to show that his injuries were not a product of an "unavoidable accident" and that Lozada's conduct was "unexcused." *See Hicks v. Brown*, 151 S.W.2d 790, 793 (Tex. [Comm'n Op.] 1941) (stating that the plaintiff bears "the burden of proving that his injuries were not the result of [an unavoidable] accident"); *S. Pac. Co. v. Castro*, 493 S.W.2d 491, 497 (Tex. 1973) ("It is the [*u*]*nexcused* violation of a penal standard which constitutes negligence per se." (emphasis added)). Our inferential-rebuttal precedents are not to the contrary. *See Reinhart*, 906 S.W.2d at 472 (plurality op.) (expressing concern that an unavoidable-accident jury instruction might "misle[a]d or confuse[]" a jury with "the perception that the instruction represents a separate issue distinct from general principles of negligence"); *Dillard v. Tex. Elec. Coop.*, 157 S.W.3d 429, 431, 433 (Tex. 2005) (calling unavoidable accident a "defensive theor[y]" but noting that such a jury instruction "simply tells the jury 'what the law recognizes—that some accidents occur without anyone's negligence'" (citation omitted)).

Nor has Posada identified any case in which this Court has placed the burden on the summary-judgment movant, traditional or otherwise, to conclusively establish "unavoidable accident" or "excuse." *Cf. Draughon v. Johnson*, 631 S.W.3d 81, 92 (Tex. 2021) (holding that "[t]o obtain traditional summary judgment on the ground that the limitations period expired before the plaintiff brought suit, the defendant must conclusively negate any tolling doctrines asserted"). Simply put, we

agree with Lozada that Posada's own undisputed evidence, ostensibly the best evidence he had, defeats any ability to escape summary judgment.

## C

Because we conclude that Posada failed to produce more than a scintilla of evidence that Lozada breached his duty of care as to either the negligence or negligence per se claims, we do not reach whether he met (or could meet) his summary-judgment burden as to proximate cause. And because we have concluded that Posada's negligence and negligence per se claims against Lozada cannot proceed, Posada's claim against TELS for vicarious liability cannot proceed either. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 295 (Tex. 2011) (noting that "an employer cannot be vicariously liable in tort when its agent or employee has not engaged in tortious conduct").

## III

After an adequate time for discovery, Posada failed to produce summary-judgment evidence raising a genuine issue of material fact as to whether Lozada breached his duty of care. Accordingly, without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment, and reinstate the trial court's judgment dismissing Posada's claims against Lozada and TELS with prejudice. *See* TEX. R. APP. P. 59.1, 60.2(c).

**OPINION DELIVERED:** June 20, 2025

13